Cincinnati, N. O. & T. P. Ry. Co. v. Baughman.

---

CASE 47—ACTION BY CINCINNATI, N. O. & T. P. RY. Co. v. M. S. BAUGHMAN TO RECOVER THE POSSESSION OF A CAR.—OCT. 20.

# Cincinnati, N. O. & T. P. Ry. Co. v. Baughman.

APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

HIGHWAYS—OBSTRUCTION—FINES—COURTS—JURISDICTION — STATUTES —REPEAL—MUNICIPAL CORPORATIONS—SPECIAL ACT—NONUSER.

Held: 1. Kentucky Statutes, 1899, section 4335, declares that any person who shall wilfully obstruct a public road shall be fined for each offense not less than five dollars nor more than fifty dollars, to be recovered in like manner as fines against contractors, and shall be liable for damages, to be recovered in any court having jurisdiction of the amount claimed. Section 4316 confers

on the quarterly court exclusive jurisdiction of all breaches of contractor's bonds. HELD, that the words "to be recovered in like manner as fines against contractors" in section 4335 had reference merely to the method of procedure, and that such sections did not impliedly repeal sections 1093 and 1141, conferring jurisdiction on justices of the peace to try the offense of wilfully obstructing a public road.

2. Where a city failed for more than seventeen years to exercise any of the governmental functions granted to it by an act of incorporation, the rights and powers thereby granted were forfeited by nonuser.

**J. W. ALCORN AND JOHN GALVIN, FOR APPELLANT.**

The only question involved in this case is whether or not under section 4335, Kentucky Statutes, a justice of the peace has jurisdiction of prosecution for the offenses therein prescribed, one of which is that of wilfully obstructing a public road.

Appellant contends that the statute confers upon the judge of the quarterly court *exclusive* and original jurisdiction of prosecutions for these offenses, and that a justice has no jurisdiction thereof. That part of said statute, section 4335, which relates to prosecutions for the recovery of the penalty which it prescribes, is as follows:

"Any person who shall wilfully obstruct, injure or destroy any of said public roads or bridges, any index or finger board, or any culvert or ditch on said roads, or shall wilfully injure any of the tools or implements, or who shall without right, take possession of or use or appropriate the same shall be fined not less than five nor more than fifty dollars, *to be recovered in like manner as fines against contractors.*"

Section 4316 prescribes the manner of proceeding for the recovery of fines against contractors: "For any breach of a contractor's bond he shall be liable to a fine of from $10 to $100. . . . Upon the filing of the report of the superviser or overseer, that any contractor has failed to comply with his contract, or upon *information or oath of any person*, or of his own knowledge that any road or bridge embraced in said contract is out of repair, the *judge of the quarterly court of said county shall forthwith issue from and make returnable to his court a warrant in the name of the Commonwealth against the delinquent contractor, and when executed, proceed forthwith to try the same as other Commonwealth warrants are tried.*"

We submit that the language of this section plainly designates the quarterly court as the forum, and the only forum upon which is conferred jurisdiction of prosecutions for violations of con-

tractor's bond. There is nothing in the wording of any part of the section or of the chapter of which it is a part, which, even by remote implication, confers upon any other tribunal, original jurisdiction of the offenses for which the penalty is therein prescribed.

And as section 4335 provides that the penalties for the offenses therein named are to be recovered "in like manner as fines against contractors," our contention is that the quarterly court is the only court which has jurisdiction of prosecutions for the recovery of such fines, and therefore a judgment of conviction of that offense by the court of a justice of the peace is a nullity.

H. HELM AND P. M. McROBERTS, FOR APPELLEE.

Under section 1093, Kentucky Statutes, a justice of the peace has jurisdiction of all penal offenses, the punishment of which is limited to a fine not exceeding $100, or imprisonment not exceeding fifty days; therefore he had jurisdiction of this case unless it had been expressly taken away, which has not been done. Ky. Stats., secs. 4316, 4335, 1050, 1093; 20 Ky. Law Rep., 606.

OPINION BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, the Cincinnati, New Orleans & Texas Pacific Railway Company, sued the appellee, M. S. Baughman, to recover the possession of a car which it claimed to be the owner of and entitled to the possession. The appellee for answer admitted that he had the car in his possession, as sheriff of Lincoln county, by virtue of the levy thereon of eight executions issued by J. A. Singleton, a justice of the peace of Lincoln county, in favor of the Commonwealth of Kentucky and against appellant for $50 each. For reply the appellant pleaded that the executions under which the appellee took and held possession of the car were void because a justice of the peace had no jurisdiction of the offense so charged; that the judgments rendered by him were void; that the executions, being issued on void judgments, afforded appellee no justification as sheriff for

his act in seizing the car sued for; that the acts for which the warrants were issued, and upon which the judgments were rendered, were committed in the corporate limits of Tunnel City, a town incorporated by a special act of the General Assembly, approved March 20, 1878 (2 Acts 1878, p. 47, c. 590); and that for this additional reason the justice of the peace who tried the case had no jurisdiction of the offense. The appellee rejoined, admitting the passage of the act of March 20, 1878, incorporating Tunnel City, and that the offenses charged in the warrants, and upon which the judgments were rendered, were committed within the territorial limits designated by the act, and pleaded that for a period of more than seventeen years none of the rights and powers granted by the act had been exercised, and were forfeited by nonuser. He further pleaded that the obstructed road was established, worked, and maintained within the so-called city as one of the public roads of the county, under an overseer appointed by the county court. The circuit judge dismissed appellant's petition, and it has appealed.

The main ground relied on for reversal is that section 4335, Kentucky Statutes, 1899, which is a section of the act of March 10, 1894, repeals by implications so much of sections 1093 and 1141 of the Kentucky Statutes (1899) as confers jurisdiction upon justices of the peace to try the offense of willfully obstructing a public road. Section 4335 reads as follows: "Any person who shall willfully obstruct, injure or destroy any of said public roads . . . shall be fined for each offense not less than five nor more than fifty dollars to be recovered in like manner as fines against contractors, and shall also be liable in a civil action for double damages to the county or person aggrieved or injured, to be recovered in any court in the county having

jurisdiction of the amount claimed. It shall be the duty of the supervisor or overseer and his assistants, and of all constables, town marshals and sheriffs to report promptly to the county judge or some justice of the peace all violations of this act." The words "to be recovered in like manner as fines against contractors" are relied on as conferring exclusive jurisdiction for the punishment of the offense upon the quarterly court, for the reason that section 4316 confers upon the quarterly court exclusive jurisdiction of all breaches of contractors' bonds; and, as section 4335 provides that the offense of obstructing a public road is to be recovered in like manner as fines against contractors, it is argued that the quarterly court alone has jurisdiction of prosecution for the recovery of such fines. Neither section 4316 nor section 4335 contains any express repeal of the jurisdiction theretofore enjoyed by justices of the peace to try misdemeanors of this character, and courts are always slow to favor repeals by implication. It is provided in section 4316 that "upon the filing of the report of the supervisor or overseer that any contractor has failed to comply with his contract, or upon information or oath of any person or on his own knowledge that any road or bridge embraced in said contract is out of repair, the judge of the quarterly court of said county shall forthwith issue from and make returnable to his court a warrant in the name of the Commonwealth against the delinquent contractor, and when executed, proceed forthwith to try the same as other Commonwealth warrants are tried." In our opinion, the words "to be recovered in like manner as offenses against contractors" simply refer to the method of procedure; that it must be by warrant, in the name of the Commonwealth, and by trial by jury. If the General Assembly had intended to confer exclusive jurisdiction upon

the quarterly court to try the offense of wilfully obstructing a public road, there is no reason why they should not have done so in express words. Nor is the necessity of such jurisdiction apparent, as in the case of a violation of the provisions of the contractor's bond, or failure of duty by an overseer or supervisor. The law confers upon the county judge the duty of appointing these officers and taking these bonds, and it is apparent why public convenience would best be promoted by conferring upon the quarterly court original jurisdiction for a breach of any of the duties imposed by the statute; but no such reasons apply to the offense of obstructing a public road. On the contrary, public convenience requires that offenders of this sort should be speedily brought to trial.

We are of the opinion that it is conclusively shown that Tunnel City had for more than 17 years failed to exercise any of the governmental functions granted to it by the act of 1878, and that the magistrate in whose district the offense was commited had jurisdiction to try the offender.

Judgment affirmed.