𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

DISTRICT ROAD BOARD OF CENTER MAGISTERIAL DISTRICT OF
FAUQUIER COUNTY V. SPILMAN.

January 15, 1915.

Absent, Kelly, J.*

1. STATUTES—*Enactment—Sufficiency of Title—One Object—Constitutional Law.*—The constitutional provision that "no law shall embrace more than one object, which shall be expressed in its title" was not intended to embarrass honest legislation, nor to prevent the incorporation into a single act of the entire statutory law upon one general subject, but to prevent the use of deceptive titles as a cover for vicious legislation, and the practice of bringing together into one bill for corrupt purposes subjects diverse and dissimilar in their nature, and having no necessary connection with each other, and to prevent surprise or fraud in legislation by means of provisions in bills of which the titles gave no intimation.

2. STATUTES—*Enactment—Title—More Than One Object—Constitutional Law.*—Although a statute authorizes many things of a diverse nature to be done, the title will be sufficient if the things authorized may be fairly regarded as in furtherance of the object expressed in the title. It is, therefore, to be liberally construed and treated, so as to uphold the statute if practicable.

3. STATUTES—*Enactment—Sufficiency of Title—Case in Judgment—Constitutional Law.*—The title, "An act to create a road board for the county of Fauquier, and to provide for the working of the roads of said county" is sufficient to cover the provisions of the act for the establishment of road boards and toll-gates, and the collection of tolls on the roads of said county. The provisions of the act are congruous and germane to the title, and mere instrumentalities for the accomplishment of the general purposes of the act.

4. STATUTES—*Enactment—Amendatory Statute — Title — Constitutional Law.*—If the title of an original act is sufficient to cover

* Argued before Judge Kelly's term began.

an amendment of the act, the title of the amendatory act is unimportant.

5. STATUTES—*Title Necessary Part of Act—Inspection by Court.*— The title is a necessary part of every statute and may be looked to by the courts for the purpose of identifying the section amended and re-enacted.

6. STATUTES—*Amendment—Sufficiency of Title—Constitutional Law*— Although the title of an amendatory act is broad enough to cover the whole of the original act, it is not necessary to re-enact and publish at length the whole of the original act, where the amendment affects only a single section of the original act. If the section to be amended is published at length in its amended and re-enacted form, it is a sufficient compliance with section 52 of the Constitution.

7. HIGHWAYS—*Road Board—Freehold Qualification—Constitutional Law.*—A statute which attaches a freehold qualification to members of a road board for working and keeping in order the roads of a county, contravenes section 32 of the Constitution of this State, and is therefore void.

Appeal from a decree of the Circuit Court of Fauquier county. Decree for the complainant. Defendant appeals.

*Amended and affirmed.*

The opinion states the case.

*John S. Barbour, Keith & Richards,* and *G. Latham Fletcher,* for the appellant.

*William Horgan,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

In the suit of appellee, E. M. Spilman, a citizen and taxpayer of Center magisterial district in Fauquier county, against the appellant, the district road board of that district, the decree under review was entered declaring two acts of the General Assembly, namely, an act of March 9,

1910 (Acts 1910, p. 147), and an act of March 16, 1914 (Acts 1914, p. 191), unconstitutional.

The grounds of the decision are that the title to the first act does not fairly cover the provision for the establishment of five district road boards, or for toll gates and the collection of tolls on macadam roads in the county, and that the title to the second act is defective in that it does not fairly cover the provision in relation to toll gates and the collection of tolls. Moreover, that the latter act is unconstitutional for the further reason that the enacting clause does not fulfil the requirement of the Constitution in that it makes no reference to the act which is referred to in the title, and does not purport to re-enact and publish it at length. We shall consider these propositions in the order in which they are stated.

1. The act of March 9, 1910, is entitled, "An act to amend and re-enact an act entitled an act to create a road board for the county of Fauquier and to provide for the working of the roads of said county, approved March 8, 1904, as amended and re-enacted by an act approved March 14, 1906, and as further amended by an act of March 11, 1908, and to provide for the building and repair of bridges in said county." The title of the act approved March 16, 1914, is identical with the above title, with the addition "and as further amended and re-enacted by an act approved March 9, 1910."

In *Iverson Brown's Case*, 91 Va. 762, 771, 21 S. E. 357, 360, 28 L. R. A. 110, Judge Riely, in an able and well considered opinion, explains the reasons for the constitutional requirement as follows: "The provision of the Constitution is a wise and wholesome one. Its purpose is apparent. It was to prevent the members of the legislature from being misled by the title of a law. It was intended to prevent the use of deceptive titles as a cover for vicious legislation, to prevent the practice of bringing

together into one bill, for corrupt purposes, subjects diverse and dissimilar in their nature, and having no necessary connection with each other; and to prevent surprise or fraud in legislation by means of provisions in bills of which the titles gave no intimation. And on the other hand, it was not intended to obstruct honest legislation, or to prevent the incorporation into a single act of the entire statutory law upon one general subject. It was not designed to embarrass legislation by compelling the multiplication of laws by the passage of separate acts on a single subject. Although the act or statute authorizes many things of a diverse nature to be done, the title will be sufficient if the things authorized may be fairly regarded as in furtherance of the object expressed in the title. It is therefore to be liberally construed and treated, so as to uphold the law if practicable."

That case is controlling authority for the sufficiency of the titles to the acts in question. The titles have reference to the general subject of working the public roads in Fauquier county; and the establishment of district road boards and toll gates and the collection of tolls are congruous and germane to that object. In short, they are merely instrumentalities for the accomplishment of the general purpose of the legislation.

In considering this branch of the subject too, the principle is not to be lost sight of, that where an act is amendatory of an original act, the title of which in itself is adequate to cover the amendment, the constitutional requirement is satisfied and the subsequent title becomes unimportant.

2. Nor do we think that the amendment of the act approved March 16, 1914, contravenes the latter portion of section 52 of the Constitution, which declares, "nor shall any law be revived or amended with reference to its title,

but the act revived or the section amended shall be re-enacted and published at length."

The language of the decree holding the act obnoxious to that provision is that the enacting clause makes no reference to the act referred to in the title and does not purport to re-enact and publish it at length. We have already given the title to that act and it need not be here repeated. This ground of objection involves a denial of the authority of the court to inspect the title for the purpose of identifying the section amended and re-enacted.

Again, in *Iverson Brown's Case, supra,* at p. 779 of 91 Va., at p. 363 of 21 S. E., the court observes: "Under the Constitution, the title is a necessary part of every statute." And we may add, that one of its functions is to identify enactments and distinguish them from other acts.

Bouvier defines a legislative title as, "That part of an act of the legislature by which it is known and distinguished from other acts." 2 Bouvier's Law Dictionary, Rawles' Rev., p. 1121.

The decision of this court in *Beale* v. *Pankey,* 107 Va. 215, 57 S. E. 661, 12 Ann. Cas. 1134, much relied on to sustain the ruling of the circuit court, is not in point. The title of the act held to be unconstitutional in that case purports to refer to an act to amend and re-enact an act entitled an act incorporating Pamplin City, Virginia, etc., whereas the statute itself does not profess to be an amendment and re-enactment of the former act, but in point of fact is a substantive act incorporating the town. On the other hand, the title of the act of March 16, 1914, refers to a former well described act, the twelfth section of which is proposed to be amended and re-enacted. The enacting clause reads: "Be it enacted by the General Assembly of Virginia, that section twelve be amended and re-enacted so as to read as follows:" Then follows section twelve published at length in its amended and re-enacted

form. This legislation comes within both the letter and spirit of the Constitution, and the identity of section twelve is admittedly established by reference to the title.

We are, therefore, of opinion that the alleged constitutional objections to the acts of March 9, 1910, and March 16, 1914, are not well founded.

It appears, however, that the act of March 9, 1910, attaches a freehold qualification to two of the members of each district road board, a qualification that is not warranted by section 32 of the Constitution of Virginia, which provides, that "Every person qualified to vote shall be eligible to any office of the State, or of any county, city, town, or other subdivision of the State, wherein he resides."

This identical question has twice been decided by this court, and enactments affixing such qualification to the right to hold office have been declared unconstitutional. *Black* v. *Trower,* 79 Va. 123, and *Gwathmey, et als.* v. *Lyons, Treas.,* 116 Va. 872, 84 S. E. 103, decided at November term, 1914. Upon these authorities we are constrained to hold that so much of these two acts as relates to the appointment of district road boards and confers upon them administrative control of the working and maintenance of the public roads of their respective districts in Fauquier county is unconstitutional.

For these reasons the decree appealed from must be amended so as to conform to the views expressed in this opinion, and as amended it will be affirmed.

*Amended and affirmed.*