## Richmond.

## TRESNON, COMMISSIONER, ETC., V. BOARD OF SUPERVISORS OF HENRICO COUNTY.

### November 23, 1916.

### Absent, Prentis, J.*

1. STATUTES—*Repeal by Implication.*—The repeal of statutes by implication is not favored by the courts, and if two acts dealing with the same subject can be harmonized, it is the duty of the court to give effect to both.

2. STATUTES—*Conflict—Acts 1915, p. 209 and Code, Section 1040-a—Taxation—Bank Stock.*—The act of March 18, 1915, commonly known as the "Bank Act," (Acts 1915, p. 209) relating to taxes on the shares of bank stock, does not in terms refer to section 1040-a of the Code (1904) and there is nothing in the title or body of the act even to suggest a legislative purpose, either by amendment or substitution, to repeal said section. The two acts are harmonious, and, when read together, constitute the law of the State touching the assessment and taxation of shares of bank stock. Under these acts shares of stock in city banks owned by residents of a county are properly taxable in the county.

3. STATUTES—*Constitutionality—Acts 1889-90, p. 111—Code, Section 1040-a—Taxation—Bank Stock.*—The act of February 28, 1890 (Acts 1889-90, p. 111), amended by Acts 1902-3-4, p. 431 (section 1040-a of Code, 1904), providing for the taxation of shares of stock issued by banks located in counties and cities, is not obnoxious to the constitutional provision that "no law shall embrace more than one object, which shall be expressed in its title."

4. BANK STOCK—*Taxation—Uniformity—Constitutional Law.*—The uniformity requirement of section 168 of the Constitution is not affected by the fact that stock in a city bank is taxed by the city against resident holders thereof at a higher rate than it is taxed by an adjacent county against residents of such county, and a statute permitting such difference in rates is not

---

* Submitted before Judge Prentis took his seat.

in conflict with said section of the Constitution. The county and city are not "within the same territorial limits of the authority levying the tax."

Error to a judgment of the Circuit Court of the city of Richmond on an application for a mandamus. Judgment for the petitioners. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. R. Pollard,* for the plaintiff in error.

*Hill Montague* and *W. W. Beverley,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This is a proceeding by mandamus instituted by the defendants in error, the board of supervisors of Henrico county and various residents therein owning stock in certain banks and trust companies located in the city of Richmond, against the plaintiff in error (the defendant below) to compel him to deduct from the aggregate shares of stock of those institutions the shares owned by the defendants in error who are residents of the county of Henrico, in accordance with the provisions of section 1040-a of Virginia Code, 1904. The object of such stockholders was to prevent their stock from being assessed with city taxes for the year 1916. To an order of the circuit court awarding a peremptory mandamus agreeably to the prayer of the petition this writ of error was granted.

The case lies within narrow limits. The original act on the subject was approved February 28, 1890, under the title: "An act providing for the taxation of shares of stock issued by banks located in counties and cities," section 3 of which prescribes:

"Whenever any commissioner of the revenue, before closing his assessment rolls or tax lists, shall receive from the cashier of a bank furnishing a list of the holders of bank stock, as required by law for purposes of State taxation, or from the owner of any stock mentioned therein, a certificate of the commissioner of the revenue of the county or city of the State in which the owner of such stock lives, stating that certain shares of the stock mentioned in said list are owned by a resident of that county or city, and that the same have been returned for taxation for that year in such city or county, then the said commissioner of the revenue to whom the said list has been furnished shall deduct from the aggregate value of the shares set forth in said list the aggregate value of the shares mentioned in said certificate." Acts 1889-90; pp. 111, 112.

After the Constitution of 1902 went into effect, the foregoing act, unamended, was re-enacted (Acts 1902-3-4, pp. 431, 432) and now constitutes section 1040-a. The titles of these last two enactments are equally as comprehensive as that of the original act. If, therefore, section 1040-a is still in force, then the order under review, which strictly complies with its terms, is plainly right.

But, to escape that unavoidable conclusion, two assignments of error are pressed upon us:

1. That section 1040-a has by implication been repealed by the act of March 18, 1915; and

2. That, if not so repealed, it is unconstitutional.

We shall address ourselves very briefly to these two propositions in the order stated.

1. It may be observed that the doctrine of repeal by implication is not favored by courts; and it is the settled rule in this jurisdiction that where two acts dealing with the same subject can be harmonized, it is the duty of the court to give effect to both. This principle is too familiar to call for a review of our decisions on the subject; but the

rule and the reasons upon which it is founded are clearly stated by Burks, J., in *Hogan* v. *Guigon*, 29 Gratt. (70 Va.) 705, 709. We find no such repugnancy between the act of March 18, 1915 (commonly known as the "Bank Act") and section 1040-a as to call for the application of the doctrine of repeal by implication. The "Bank Act" does not in terms refer to section 1040-a,. and its title designates by number the sections of the "Tax Bill Act," of April 16, 1903, which are intended to be amended and re-enacted. There is noth‑ ing in the title or body of the act even to suggest a legisla‑ tive purpose, either by amendment or substitution, to re‑ peal section 1040-a. To the contrary, section 19 of the "Bank Act" provides that, "Each bank, banking associa‑ tion, trust and security company, on or before the first day of June in each year, shall pay into the State treasury and to the treasurers of the several counties, cities and towns, re‑ spectively, the taxes assessed against its stockholders." This language, it seems to us, is incompatible with a legislative design to destroy the previously provided method for as‑ sessing such taxes against stockholders. The two acts are harmonious, and when read together, as they must be, con‑ stitute the law of the State touching the assessment and taxation of shares of bank stock.

2. The constitutional objections to the act are: (a) That the title is defective, in that it violates section 15, Art. V, of the former Constitution (sec. 52, Art. IV, of the present Constitution), prescribing that "no law shall embrace more than one object, which shall be expressed in its title." The sufficiency of the title under the latter part of the section is here drawn in question.

The title to the act of March 28, 1890, as we have seen, reads: "An act providing for the taxation of shares of stock issued by banks located in counties and cities." The sufficiency of such title is demonstrated in the able discus‑ sion of the subject by Riely, J., in the *Iverson Brown Case*,

a reference to which on that point should suffice.  That case also holds that, "when an act of assembly has been incorporated in the Code, this act may be amended, re-enacted or repealed by an act which simply refers to the number of its section." *Iverson Brown's Case,* 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110.  See also, *District Road Board* v. *Spillman,* 117 Va. 201, 84 S. E. 103, and *Commonwealth* v. *C. & O. Ry. Co.,* 118 Va. 261, 87 S. E. 622.

And  (b) :  The last assignment is that section 1040-a violates section 168 of the Constitution, which requires that, "All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

The argument in support of this contention is that the uniformity requirement can only be maintained by fixing the location of the bank as the situs for taxation.  We do not concede either the correctness of that interpretation of section 168, or the deduction drawn therefrom.  It is provided by the act of March 18, 1915, that neither counties nor cities shall levy a tax for local purposes on bank stock in excess of $1.15 on every $100 of the assessed valuation thereof.  Yet, subject only to that maximum limitation, we find no specific constitutional requirement that the tax rate on bank stock in the city of Richmond and the county of Henrico shall be the same.  The city and county are not within the same "territorial limits of the authority levying the tax," in the sense of section 168, and, therefore, the uniformity provision is not applicable.  *Day* v. *Roberts,* 101 Va. 248( 43 S. E. 362; *Moss* v. *County of Tazewell,* 112 Va. 878, 72 S. E. 945.

For these reasons the order of the circuit court must be affirmed.

*Affirmed.*