MARSHALL W. DE TURK *et al. v.* CITY OF BUCKHANNON *et al.*

(No. 7313)

Submitted March 30, 1932. Decided April 12, 1932.

*Young & McWhorter,* for relators.
*O'Brien & Hall,* for respondents.

LITZ, JUDGE:

Relators, G. W. Mick, G. W. Rohrbaugh, A. V. Warner, W. S. Roberts and Ralph F. Wilson, as residents, voters and taxpayers of the city of Buckhannon, seek a peremptory writ of mandamus compelling respondents, city of Buckhannon, a municipal corporation, John B. Neff, mayor, Earl W. Young, recorder, and L. O. Martin, G. E. Mathers, D. D. Casto,

W. M. Herndon, W. E. White, councilmen thereof, to provide for and hold an election in said city on the second Tuesday in May, 1932, for the election of a mayor, recorder and five councilmen for a term of one year.

The legislature, by special act of February 8, 1919, granted to the city a charter providing a commission form of government; authorizing a return, by special municipal election, to the councilmanic form of government after three years from the election and installation of officers under the new system; and fixing the term of office of officials under either form at one year. In 1923, the city voted a return to the councilmanic form of government. The legislature, in a special act of March 23, 1925, undertook to amend the charter (by reference without re-writing the act) by authorizing the council, composed of the mayor, recorder and five councilmen, to fix their term of office not in excess of two years. Treating the amendment as valid, the council promptly enacted an ordinance designing the second Tuesday in May for the election of officers and fixing their term of office at two years. This ordinance was re-enacted June 18, 1931. The last election of officers for the city was held May 3, 1931.

Petitioners assert that the attempted amendment of the charter in 1925 violates Article VI, section 30 of the constitution, providing that no law shall be revived or amended by reference to its title only, but that the law revived or the section amended shall be inserted at large, in the new act; and that the term of office of the city officials, in accordance with the original charter, will expire May 3rd next. Respondents, apparently conceding that the amendment was not constitutionally enacted, contend that it has become valid by long observance, and that the ordinance fixing the term of office at two years should be regarded as adopting sections 4 and 12, article 2, chapter 8, Code 1931, which designates the second Tuesday in June for the election of municipal officers and fixes their term of office at two years from July 1st following. Section 2, article 1, chapter 8, provides that if the charter of any municipal corporation contains a provision or provisions purporting to cover any matter covered

by this chapter, such municipal corporation may adopt the applicable provision or provisions of this chapter, even though such provision or provisions be inconsistent with the corresponding provision or provisions of the charter, and upon such adoption and until revocation of such adoption, the applicable provision or provisions of this chapter shall operate as an amendment to the charter of such municipal corporation. Relators answer that the ordinance relied upon was passed only for the purpose of effectuating the charter amendment.

Not having been constitutionally enacted, the charter amendment, authorizing an extension of the term of office, must be disregarded. In *Beale* v. *Pankey,* 107 Va. 215, 57 S. E. 661, where a like question was involved, the court said: ''A legislative act described in its title as an act to amend and re-enact a certain former act, but making no reference in the enacting clause to the act referred to in the title, and not purporting to re-enact and publish at length the act sought to be amended, is invalid because not conforming to constitutional requirements that no law shall embrace more than one subject, which shall be expressed in its title, and that no law shall be amended with reference to its title but shall be re-enacted and published at length.'' The amendment has not become valid because of being so treated since its enactment in 1925. ''The presumption in favor of the validity of a statute is especially strong where it has long been acquiesced in and has been treated as valid by the various departments of government. But old age cannot give validity to a void statute, nor will acquiescence for any length of time, nor any amount of practical construction, prevent a court from declaring void a statute which clearly contravenes the constitution.'' 12 C. J., 798.

The peremptory writ of mandamus, as prayed for, is therefore awarded.

*Writ awarded.*