Engolf SNORTLAND, Edward Snortland, and Selmer Halvorson, Plaintiffs and Appellants,

v.

NELSON COUNTY, a municipal corporation, Odean Flaagan, W. Andrews, A. E. Swanke, Henry Haroldson and Clyde Ralston, the Nelson County Board of County Commissioners, and Vivian Gill, the Nelson County Auditor, Defendants and Respondents.

No. 8046.

Supreme Court of North Dakota.

Sept. 10, 1963.

Duffy & Haugland, Devils Lake, for plaintiffs and appellants.

Idean M. Locken, Lakota, for defendants and respondents.

MORRIS, Chief Justice.

The complaint of the plaintiffs states that they are duly qualified electors, freeholders and taxpayers of Nelson County, North Dakota, and bring this action on behalf of all other taxpayers similarly situated. After alleging the corporate existence of Nelson County and the election of the individual defendants as officers of Nelson County, it is further alleged that on July 30, 1946, the County Commissioners of Nelson County, without a hearing, attempted to form the Nelson County Water Conservation and Flood Control District, embracing the entire county, and that from the date mentioned through the year 1960, the District was not perfected and no flood control commissioners for the District were appointed. It is also stated that the District was never legally created under the then existing law or under the present law governing the creation of such District, and that the law under which the District in question was sought to be formed was repealed before any attempt was made to implement the District or perfect its organization.

The plaintiffs set forth that on or about July 20, 1961, the Board of County Commissioners provided for the levy of taxes in the sum of $1,456.88 for flood control. It is also stated that the levy was made without legal authority and that the plaintiffs have no adequate remedy at law or otherwise and that the plaintiffs will suffer irreparable harm, damage and injury unless the

acts complained of are enjoined. The prayer in the complaint asks for a temporary injunction during the pendency of the action and a permanent injunction against the spreading of the proposed tax levy. The complaint is supported by an affidavit in general terms reciting allegations of the complaint.

The answer denies generally the allegations of the complaint but admits the levy of the taxes as alleged. By way of further defense it is stated that the Board of County Commissioners of Nelson County, on or about July 23, 1946, petitioned the North Dakota State Water Conservation Commission to establish and create the Nelson County Water Conservation District embracing the entire county, and that the petition, together with the county auditor's certificate, was filed with the Water Commission on or about July 25, 1946, and that on or about July 30, 1946, the State Water Commission made an order creating and establishing the Nelson County Water Conservation District of North Dakota, which was legally created in accordance with the then existing law.

The case was tried to the court upon its merits. A permanent injunction was denied and the action dismissed with prejudice. A judgment was entered accordingly, from which the plaintiffs appeal. No question was raised with respect to the capacity of the plaintiffs to sue or the remedy pursued.

The plaintiffs introduced in evidence exhibits 1 and 2, which are certified copies of a petition to the State Water Conservation Commission seeking the creation of Nelson County as a water conservation district in accordance with the provisions of Chapter 61–16, NDRC 1943, with certificates of the county auditor attached, and an order of the State Water Conservation Commission dated July 30, 1946, purporting to establish the district.

■ The first argument presented by the appellants is that Section 61–1602, NDRC 1943, provides for "a petition signed by any county, * * *" and the petition in this instance does not state it is signed by the county, but is signed only by the county commissioners. We think that the petition is sufficient. It is addressed to the State Water Conservation Commission and recites that in order that Nelson County may be enabled to properly maintain various dams and water conservation projects in the county, the Board of County Commissioners of Nelson County do petition that the Water Commission establish and create the territory within the limits of Nelson County as a water conservation district. It is dated July 23, 1946, and bears the signatures of the county commissioners. Under three of these signatures appears the designation "county commissioner." The petition is accompanied by a certificate of the county auditor showing that the Board of County Commissioners were authorized by resolution to petition the State Water Conservation Commission "to create a Water Conservation District comprising all the territory within the boundaries of Nelson County." There is substantial compliance with the statute with respect to the form and filing of the petition. The petition was accepted by the Water Commission and acted upon by an order that "established a Water Conservation District designated and known as Nelson County Water Conservation District of North Dakota." We hold that petition was sufficient to warrant the State Water Conservation Commission in issuing that order.

■■ It is pointed out that the section above referred to provides that:

"* * * the commission forthwith shall make such investigation and examination of the proposal as in its judgment may be necessary and proper. * * * If, after such investigation and examination, it finds that the proposed water conservation district is desirable and proper and that the drainage area and the probable available water supply render the proposed district necessary and desirable, it shall make its order

establishing such district and fixing the boundaries thereof."

It is argued that neither the petition nor the order complies with this provision. The defect in the argument is that the statute does not require either the petition or the order to set forth such finding or proposed finding. It is neither alleged nor asserted that the Water Commission did not, before issuing its order, make the investigation and finding which the statute requires. It is presumed that official duty has been performed regularly. Subsection 15, Section 31–11–03, NDCC; Coulter v. Ramberg, 79 N.D. 208, 55 N.W.2d 516. The last paragraph of the order reads as follows:

"That there is hereby created and established a Water Conservation District designated and known as Nelson County Water Conservation District of North Dakota consisting of all the territory contained and embraced within the boundaries of Nelson County, North Dakota and that the, Board of County Commissioners is hereby authorized and fully empowered to appoint a Board of Water Conservation Commissioners in conformity with the statute in such case made and provided and vested with the powers and duties prescribed by Chapter 61–1614 of the 1943 Revised Code and Acts Amendatory thereof."

The order is dated July 30, 1946. Section 61–1614, NDRC 1943, sets forth the powers of the Board of Water Conservation Commissioners, among which are the power to "Plan, locate, relocate, construct, reconstruct, modify, maintain, repair, and control all dams and water conservation devices of every nature and water channels and to control and regulate the same and all reservoirs, artificial lakes, and other water storage devices within the district." We conclude, as did the trial court, that the Nelson County Water Conservation District was legally created under the provisions of Chapter 61–16, NDRC 1943.

The appellants point to the fact, which was stipulated at the trial, that the first Board of Commissioners for the Nelson County Water Conservation District was appointed on March 7, 1961, and that there were no proceedings or activity by the District from the first day of August, 1946, until the date of the appointment of the district commissioners who were not made parties to this action. The interval was approximately 14½ years. It is argued that non-user of its powers by the District for such a length of time resulted in a forfeiture of the corporate existence of the District. They also point out that Chapter 61–16, NDRC 1943, was repealed by Chapter 348, Session Laws N.D.1949. The latter chapter was a law providing for the creation and organization of water conservation and flood control districts that displaced the former law. However, it did not purport to dissolve or in any way interfere with districts that had already been organized.

Another statute dealing with the creation and organization of water conservation and flood control districts was enacted in 1957, as Chapter 383, Session Laws N.D.1957. It contained the following validating provision:

"Nothing contained in this Act shall be construed as impairing, invalidating or in any manner affecting the validity of acts or proceedings of water conservation and flood control districts created prior to the passage and approval of this Act. Any such district organized substantially in conformity with statutes in force and effect prior to the passage and approval of this Act is hereby declared to be a valid and legal water conservation and flood control district, and shall have the powers and be subject to the obligations of a district duly organized under the provisions of this Act."

The statute is now Section 61–16–45, NDCC. The 1957 law also contained provisions for the dissolution of a district or the exclusion of land therefrom, matters not covered by

former acts dealing with such districts. See Section 61–16–42, NDCC.

■ In support of their claim of forfeiture by non-user, the appellants cite Cincinnati N. O. & T. P. R. Co. v. Baughman, 116 Ky. 479, 76 S.W. 351. It was held that where a city failed for more than 17 years to exercise any of the governmental functions granted it by an act of incorporation, its rights and powers granted by the act were forfeited by non-user. However, this case appears to be contrary to the general rule that dissolution of a municipal corporation will not result from a non-user of its corporate powers or from a failure to organize and elect officers. 37 Am.Jur., Municipal Corporations, Section 22; 62 C. J.S. Municipal Corporations, § 103; Riddle v. Howard, Ky., 357 S.W.2d 705; Butler v. Walker, 98 Ala. 358, 13 So. 261, 39 Am. St.Rep. 61; Beale v. Pankey, 107 Va. 215, 57 S.E. 661, 12 Ann.Cas. 1134. In a note following the last cited case, 12 Annotated. Cases, page 1137, it is said:

"The rule laid down in the reported case that a municipal corporation is not ipso facto dissolved or destroyed by a nonuser of its powers, is sustained by numerous authorities."

■ Our conclusion is that the Nelson County Water Conservation District was legally created and became a de jure corporation under the provisions of Chapter 61–16, NDRC 1943, during the time the Chapter was in effect and before its repeal. We determine that the municipal corporation was not dissolved either by subsequent act of the legislature or non-user of its corporate powers. The trial court properly denied the injunction sought by the appellants. The judgment appealed from is affirmed.

STRUTZ, TEIGEN and BURKE, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.